IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS ERNESTO PEREZ SERVANO,<br>*Petitioner*,<br>v.<br>TODD BLANCHE, *et al*,<br>*Respondents*. | Civil Action No. 3:26-cv-1424<br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Petitioner's Petition for Habeas Corpus seeking immediate release or a bond hearing based on a claim that he is unlawfully detained under 8 U.S.C. § 1225(b)(2) and that his detention is properly governed by 8 U.S.C. § 1226(a). (ECF No. 1). Petitioner, a native and citizen of El Salvador, was re-detained by U.S. Immigrations and Customs Enforcement ("ICE") officers on July 8, 2026, after having been previously removed from the United States in 2013. Currently, he housed at Moshannon Valley Processing Center ("MVPC").[1]

[1] The Court recognizes that Petitioner was located in the Western District of Louisiana on July 22, 2026 when his counsel filed the petition. From July 17, 2026, until July 21, 2026, Petitioner was housed at MVPC. (ECF No. 8-6). On July 21, 2026, Petitioner was transferred to the Alexandria Staging Facility, located in Alexandria, Louisiana, within the Western District of Louisiana. (*Id.*; ECF No. 8-7). Petitioner was then transferred from the Alexandria Staging Facility to the ERO El Paso Camp East Montana, located in El Paso, Texas, on July 22, 2026. (ECF No. 8-8). He was returned to MVPC on July 31, 2026, where he remains housed. (ECF No. 8-6). While Respondents contend that Petitioner's counsel has not established that he was unaware of Petitioner's removal from MVPC for 9 days when he filed the petition on July 22, 2026, the Court finds it difficult to believe that counsel actually had knowledge of Petitioner's brief transfer. It will not find that it lacks jurisdiction to consider this petition and waste judicial resources on the transfer of this case to the Western District of Louisiana.

Petitioner entered the United States on or about August 17, 2013, by raft, and he was apprehended by a Border Patrol agent on or about August 18, 2013. Since he apprehended within 14 days of entering the United States and within 100 miles from the international boundary, Petitioner was processed for expedited removal. On November 5, 2013, Petitioner was removed from the United States. On July 8, 2026, ICE Enforcement and Removal Operations officers arrested Petitioner in Vestal, New York. On August 19, 2026, a reinstated removal order was issued for Petitioner. (ECF Nos. 8-1 through 8-5, and ECF No. 11-1). This is an administratively final removal order.

The basis for Petitioner's continued detention has now shifted to 8 U.S.C. § 1231(a)(1). Section 1231 establishes a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). Notably, § 1231(a)(2) holds that during the 90-day removal period, "the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2)…." 8 U.S.C. § 1231(a)(2). Subsequently, a noncitizen ordered removed and determined by the Attorney General to be a "risk to the community or unlikely to comply with the order of removal, may be detained beyond the [90-day] removal period." 8 U.S.C. § 1231(a)(2), (6); 8 C.F.R. § 241.4(a)(1), (4).

Petitioner is not entitled to a bond hearing during the 90-day removal period, which lasts until November 17, 2026. *See* 8 U.S.C. § 1231(a)(2)(A). At this juncture, the Court holds that nothing about Petitioner's detention is unreasonable. Should his period of detention extend beyond what has been deemed presumptively reasonable for removal, i.e., six months after the removal order became final (January 8, 2027), he may then seek relief. *See e.g., Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that a period of six months of detention following the date the removal order becomes final is presumptively reasonable).

AND NOW, this 25th day of August 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE